UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:93-CR-031 |
| | ) | |
| DOUGLAS LAMONT JONES | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 1131], which has been rendered moot by a supplemental motion filed by counsel [doc. 1138]. Through counsel, the defendant asks the court to reduce his sentence to a term of 290 months pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The United States has responded [doc. 1135], suggesting that the defendant should receive no reduction due to the severity of his offenses of conviction. In the alternative, the United States asks that the court not reduce the defendant's sentence below a term of 300 months.

I.      Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II.     Factual Background

In March 1994, this court sentenced the defendant to a net term of imprisonment of 360 months on approximately 100 counts of conviction pertaining to cocaine distribution, money laundering, and engaging in a continuing criminal enterprise. The defendant's guideline range was 324 to 405 months, based on a total offense level of 40 and a criminal history category of II. The money laundering counts were subject to a 240-month statutory maximum. According to the Bureau of Prisons, the defendant is presently scheduled for release on May 11, 2019.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). No such motion was filed as to this defendant.

3

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range is 262 to 327 months, based on a total offense level of 38 and a criminal history category of II. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii).

The United States suggests "that little or no reduction is appropriate" due to the seriousness of the defendant's conduct in this case. The United States correctly notes that the defendant's "Florida Boys" gang distributed a substantial amount of cocaine and regularly possessed a variety of weapons. These points, while valid, are in the court's mind outweighed by the defendant's remarkable post-offense conduct and rehabilitation.

Astoundingly, the defendant has incurred no Bureau of Prisons disciplinary infractions since October 1995, and that infraction was a minor one. He has completed numerous educational and vocational classes. He is employed within the Bureau of Prisons and receives satisfactory work evaluations. The Bureau of Prisons states that he "maintains an excellent rapport with staff and is not considered a management problem."

Despite his violent past, the defendant is now housed in a low security facility and has been granted furloughs.

In sum, the defendant's post-offense transformation is well-documented and is, quite simply, remarkable. Accordingly, the court finds that the defendant should be granted a sentence reduction to a term of 300 months as alternatively recommended by the government.

## IV. Conclusion

For the reasons stated herein, the defendant's *pro se* motion for sentence reduction [doc. 1131] is **DENIED AS MOOT** and the supplemental motion filed by counsel [doc. 1138] is **GRANTED**. The defendant's term of imprisonment is reduced to **300 months**. If this sentence is less than the amount of time the defendant has already served, the sentence shall instead be reduced to "time served." *See id.* § 1B1.10(b)(2)(C).

Except as provided above, all provisions of this court's March 1994 judgment shall remain in effect. **The effective date of this order is November 2, 2015**. *See id.* § 1B1.10(e)(1).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge